IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,       : | |
| : | |
| Plaintiff,       : | CRIMINAL ACTION NO. 11 - 40-UNA |
| : | |
| v.       : | |
| : | REDACTED |
| SHARON GRAHAM,       : | |
| : | |
| Defendant.       : | |

INDICTMENT

The Grand Jury for the District of Delaware charges that:

**FILED**

**APR 1 4 2011**

**U.S. DISTRICT COURT DISTRICT OF DELAWARE**

BACKGROUND

At all times material to this Indictment:

1. The Delaware Department of Labor operated the State of Delaware's unemployment insurance compensation program. This program provided temporary income replacement benefits for individual workers who lost their jobs and met certain eligibility requirements as determined by state law. An eligible worker could receive up to twenty-six (26) weeks of regular unemployment compensation benefits, as well as additional emergency unemployment compensation benefits funded by the federal government.

2. Upon becoming involuntarily unemployed or underemployed, a claimant would submit an application for benefits to the Delaware Department of Labor. If the application was approved, an account would be set up through which the claimant would receive weekly unemployment insurance benefits. Recipients were required to file weekly claims and respond to questions concerning their eligibility, including questions about any earnings from work for the week

as well as any job offers or refusals of work during the week. These weekly claims were usually filed by telephone utilizing an automated interactive phone system known as the TeleBenefits system.

3. The Delaware Department of Labor relied on the claimants' weekly answers in the TeleBenefits system to ensure that the claimants continued to be eligible to receive unemployment insurance benefits.

4. In order to issue weekly benefit checks, the Delaware Department of Labor initiated a transfer of funds from the United States Treasury in Washington, D.C. to the State of Delaware's account at a PNC Bank branch located in Jeannette, Pennsylvania. Unemployment insurance benefit checks were then disbursed to the claimants in Delaware via the United States Mail.

## THE SCHEME AND ARTIFICE TO DEFRAUD

5. From in or about January 2, 2009 to November 23, 2009, Defendant

### SHARON GRAHAM

devised and intended to devise a scheme and artifice to defraud, and to obtain money by means of false and fraudulent pretenses, representations, and promises, by falsely representing her income to the Delaware Department of Labor and thereby obtaining unemployment insurance benefits to which she was not entitled.

6. It was part of the scheme and artifice to defraud that Defendant filed for unemployment insurance benefits on or about December 21, 2008 and collected benefits from week ending December 27, 2008 through July 4, 2009. Defendant then filed for emergency unemployment compensation benefits on or about July 5, 2009, and collected benefits from week ending July 11, 2009 through November 21, 2009.

7. In furtherance of the scheme and artifice to defraud, Defendant accessed the TeleBenefits system on a weekly basis, from December 27, 2008 to November 21, 2009, and falsely reported that she only earned a wage range of $150.00 - $200.00 each week, when in fact her income exceeded the amounts that she reported during that period of time. Had the Defendant provided truthful information about her earnings, she would not have qualified for unemployment insurance benefits in the amounts that she received.

8. As a result of Defendant's fraudulent representations concerning her income to the Delaware Department of Labor, she thereby obtained approximately $16,155.00 in unemployment insurance benefits to which she was not entitled.

## COUNTS ONE THROUGH SIX

9. On or about each of the dates set forth below, in the District of Delaware and elsewhere, Defendant

### SHARON GRAHAM

having devised and intending to devise the scheme and artifice described in Paragraphs 1 - 8 above and incorporated herein by reference, for the purpose of executing and attempting to effectuate said scheme and artifice, knowingly caused to be delivered, sent and moved by United States Mail according to the directions thereon, the checks listed below, from the Delaware Department of Labor to the Defendant, each check constituting a separate count:

| COUNT | DATE | CHECK # | AMOUNT |
|---|---|---|---|
| ONE | 7/13/2009 | 8549293 | $319.00 |
| TWO | 7/20/2009 | 8571775 | $319.00 |
| THREE | 7/27/2009 | 8595407 | $319.00 |

| FOUR | 11/9/2009 | 8932725 | $319.00 |
| FIVE | 11/16/2009 | 8955482 | $319.00 |
| SIX | 11/23/2009 | 8979853 | $319.00 |

All in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT SEVEN

10.   Paragraphs 1- 9 of this Indictment are incorporated herein by reference.

11.   From on or about February 28, 2009, through November 23, 2009, in the District of Delaware and elsewhere, Defendant

## SHARON GRAHAM

willfully and knowingly did steal, purloin, and knowingly converted to her use without authority, money aggregating in excess of $1,000.00 belonging to the United States of America, to wit, approximately $7,575.00 in federally-funded emergency unemployment compensation benefits administered by the Delaware Department of Labor, which Defendant was not entitled to receive.

All in violation of Title 18, United States Code, Section 641.

## NOTICE OF FORFEITURE

Upon conviction of the offenses in violation of Title 18, United States Code, Sections 641 and 1341 set forth in Counts One through Seven of this Indictment, the Defendant

**SHARON GRAHAM**

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A), and Title 28, United States Code, Section 2461, any property involved in such offense, or any property traceable to such property; and any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violations. The property to be forfeited includes, but is not limited to, the following:

$16,155.00 in United States currency

If any of the property described above, as a result of any act or omission of the Defendant cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p) (as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c)).

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2) and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

_____
GRAND JURY FOREPERSON

CHARLES M. OBERLY, III
United States Attorney

BY: _____
Mark M. Lee
Assistant United States Attorney

Dated: April 14, 2011